IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TREVOR STANDIFORD,

    Plaintiff,

    v.                                                                                               Civil Action No. 5:10-cv-24

MARURO HUMBERTO
RODRIGUEZ-HERNANDEZ,
WATER PROVIDERS LIMITED
d/b/a SWETT H2O,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

This matter comes before the Court on Plaintiff, Trevor Standiford's, Motion to Compel Depositions filed December 1, 2010.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on December 22, 2010. Plaintiff, Trevor Standiford, appeared by Chad D. Haught, Esq., in person. Defendant, Water Providers Limited (hereinafter "WPL"), appeared by Paul R. Robinson, Esq., in person. Defendants, Maruro Humberto Rodriguez-Hernandez and State Farm Fire and Casualty Company were not in attendance. No testimony was taken nor was any other evidence adduced.

**I. INTRODUCTION**

A.    Background

This action was initially filed on January 22, 2010 in the Circuit Court of Wetzel County, West Virginia, seeking damages for alleged injuries suffered when Plaintiff was involved in a motor vehicle accident owned by Defendant, WPL, and driven by Defendant Rodriguez-

---

[1] Dkt. No. 24.

Hernandez. WPL timely removed to this federal court pursuant to 28 U.S.C. § 1446 on March 1, 2010 alleging diversity jurisdiction.

B.  The Motion

Plaintiff's First Motion to Compel Depositions.[2]

C.  Decision

Plaintiff's Motion to Compel Depositions is **DENIED** because Plaintiff has not complied with the discovery rules.

## II.  FACTS

1. On December 1, 2010, Plaintiff filed a Motion to Compel Depositions.[3]

2. This Court set an evidentiary hearing and argument on Plaintiff's Motion to Compel on December 8, 2010.[4]

3. On December 10, 2010, Defendant, WPL, filed its Response in Opposition to Plaintiff's Motion.[5]

4. The evidentiary hearing and argument was held on December 22, 2010.[6]

## III.  PLAINTIFF'S MOTION TO COMPEL

A.  Contentions of the Parties

Plaintiff moves for an order from the Court "in the interests of justice and fairness to compel the [D]efendant, Water Providers Limited d/b/a Sweet H2O's employees, Maruro

---

[2] Dkt. No. 24.

[3] Id.

[4] Dkt. No. 26.

[5] Dkt. No. 27.

[6] Dkt. No. 28.

Humberto Rodriguez-Hernandez and Lonnie Slavings, to appear for depositions in Wetzel County, West Virginia." See Pl.'s Mot., Pg. 10 (Dkt. 24). Plaintiff argues the "Court must compel the [D]efendant...to produce for deposition its employees...because 1) the Court retains personal jurisdiction over Water Providers and its employees... 2) the negligent acts occurred in Wetzel County, West Virginia, 3) Mr. [] Rodriguez-Hernandez is a named party, 4) Mr. [] Slavings...is an employee of [D]efendant, Water Providers, and thus a party pursuant to *respondeat superior*, 5) the requiring of the [P]laintiff to depose [Mr.] Slavings in Texas and [Mr.] Rodriguez-Hernandez will cause undue burden and expense on the [P]laintiff, 6) the [P]laintiff will be prejudiced without the deposition of Mr. Rodriguez-Hernandez and Mr. Slavings, and 7) in the interest of justice and fairness [Mr.] Rodriguez-Hernandez and [Mr.] Slavings must be compelled to return...as opposed to having the [P]laintiffs bear the additional burden of travel and cost." Id. at 5. Plaintiff also contends Rule 45(c)(3)(C) permits this Court to order appearances for a deposition if the "serving party (i) shows a substantial need for the testimony...that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Id. at 7. Plaintiff cites to Rule 45(c)(3)(C) of the Federal Rules of Civil Procedure for the proposition that the Court can order Mr. Rodriguez-Hernandez and Mr. Slavings to appear for depositions in Wetzel County, West Virginia. Additionally, Plaintiff references two cases: Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher, 174 W.Va. 618 (1985) and Mason v. Texaco, Inc., 741 F. Supp. 1472 (D. Kan. 1990) as support for Plaintiff's arguments.

     In its opposition to Plaintiff's Motion, WPL argues procedurally that Plaintiff has not met his burden to exercise "good faith" in an attempt to resolve the discovery dispute prior to seeking

judicial intervention. Substantively, WPL contends the Court lacks subpoena power over Mr. Slavings because he is an out-of-state non-party witness. WPL argues it is "only responsible for producing its employee for a deposition, where that employee is to act as the corporate representative when the corporation is to be deposed." See Def.'s Resp., Pg. 4 (Dkt. 27). WPL argues Mr. Slavings is a "non-party over which Water Providers has no authority to direct his travel and deposition attendance in West Virginia." WPL contends that under Fed. R. Civ. P. 45(c)(3)(A)(ii), a subpoena is necessary to take Mr. Slavings deposition and also argues that Plaintiff has not shown proof of hardship to warrant the exception to this rule. Moreover, WPL also asserts that it has no authority over Mr. Rodriguez, as a former employee, to direct his travel and deposition attendance. WPL emphasizes that Plaintiff has not "even obtained service of the complaints on Mr. Rodriguez," therefore, "[Mr. Rodriguez] is a non-party to this lawsuit." Id. at 7. WPL distinguishes Plaintiff's supportive case law and requests the Court to deny Plaintiff's Motion to Compel.

B.  Discussion

Fed. R. Civ. P. 30(a)(1) establishes the framework governing the appearance of persons for depositions. It provides as follows:

> A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Fed. R. Civ. P. 30(a)(1).

Additionally, Rule 45(b)(2) of the Federal Rules of Civil Procedure sets the limits on service of a subpoena. It provides as follows:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that

> district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2)(A)-(D).

In determining whether to quash or modify a subpoena under the relevant provision of Rule 45(c)(3)(A)(ii), the Court,

> on timely motion,...must quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person– except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Fed. R. Civ. P. 45(c)(3)(A)(ii).

Pursuant to Rule 45(c)(3)(B)(iii), the issuing Court may protect a person subject to a subpoena if said subpoena requires "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial. There is, however, and exception to this protection in Rule 45(c)(3)(C) which permits a court to order appearance if the serving party: "(i) shows a substantial need for the testimony...that cannot be otherwise met without undue hardship; and (ii) ensures that the *subpoenaed* person will be reasonably compensated." Fed. R. Civ. P. 45(c)(3)(C) (emphasis added).

The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery with which parties must comply. The Court begins by analyzing Plaintiff's compliance with the discovery rules. Initially, the Court notes the focus of Plaintiff's argument appears to "skip a beat," so to speak. Plaintiff concentrates his argument on Plaintiff's assertion

5

that the Court may compel Mr. Slavings and Mr. Rodriguez-Hernandez to appear in Wetzel County, West Virginia for depositions because "the Court retains personal jurisdiction over [WPL] and its employees that conducted business in West Virginia...." See Pl.'s Mot., Pg. 5 (Dkt. 24). The issue before the Court, however, is: Whether Plaintiff properly served and noticed the depositions of both Mr. Slavings and Mr. Rodriguez-Hernandez in accordance with the Federal Rules of Civil Procedure so as to allow the Court to compel their appearances in Wetzel County, West Virginia. To appropriately analyze this issue, various sub-steps must occur. The Court analyzes Mr. Slavings's and Mr. Rodriguez-Hernandez's depositions separately to assist in the understanding.

Regarding Mr. Slavings's deposition, Rule 30(b)(1) of the Federal Rules of Civil Procedure requires Plaintiff to provide "reasonable written notice to every other party" of the "time and place of the deposition and, if known, the deponent's name and address...." While a subpoena is not required under the rules to permit the taking of a deposition, notice of the deposition is mandatory. WPL alleges "Plaintiff has failed to follow any of the procedural and notice requirements to depose [Mr. Slavings]." See Def.'s Resp., Pg. 5 (Dkt. 27). WPL's argument that follows is that because Plaintiff has not correctly noticed Mr. Slavings's deposition, Mr. Slavings's party status notwithstanding, Plaintiff's Motion to Compel is improperly before the Court. The Court is inclined to agree with WPL. Rule 45 of the Federal Rules of Civil Procedure, and the exception therein which Plaintiff urges this Court to employ, is only implicated when a subpoena is at issue. Plaintiff has not addressed whether Plaintiff has noticed or subpoenaed Mr. Slavings's deposition leaving the Court with solely WPL's assertion that notice was only recently provided and that no subpoena has been issued either. Since

6

Plaintiff has failed to comply with provision (b) of Rule 30 of the Federal Rules of Civil Procedure, a Motion to Compel discovery is not proper at this time. The Court declines to discuss the exception to Rule 45 to which Plaintiff cites as the Court finds it inapplicable to the present situation.

Moreover, WPL's Response discusses the possibility of Mr. Slavings constituting a corporate officer of WPL. WPL contends that "a party seeking to depose corporate employees must demonstrate that the intended deponents have the authority to speak for the corporation or must obtain a subpoena" in order to depose those individuals without authority to speak for the corporation. Id. at 4. While Plaintiff's argument does not specifically slate Mr. Slavings as a corporate officer of WPL, Plaintiff does suggest WPL has the authority over Mr. Slavings, as a current employee, to direct his appearance in Wetzel County, West Virginia. The Court finds this argument unpersuasive. Mr. Slavings is not a corporate officer. In fact, WPL's counsel, at the evidentiary hearing, stated Mr. Slavings was a "low-level employee, non-management capacity for Water Providers." See Transcript, Pg. 6 (Dkt. 29). Accordingly, the Court finds that Mr. Slavings does not qualify as a corporate officer entitled to speak on WPL's behalf.

Mr. Rodriguez-Hernandez is a named Defendant in this action. WPL asserts, however, that both WPL and this Court are unable to compel Mr. Rodriguez-Hernandez to appear in the United States for Plaintiff's deposition. Plaintiff contends the Court is empowered to compel Defendant Rodriguez-Hernandez to appear because the Court maintained personal jurisdiction over him. Specifically, Plaintiff argues personal jurisdiction exists "due to the fact that [Defendant Rodriguez-Hernandez's] acts are directly imputed to [WPL] and that [Defendant Rodriguez-Hernandez's] interests are directly involved in this case." See Transcript, Pg. 4 (Dkt.

7

29). Plaintiff's argument as to Defendant Rodriguez-Hernandez suffers from the same infirmities as Plaintiff's argument regarding Mr. Slavings. While Plaintiff may certainly depose Defendant Rodriguez-Hernandez, it is Plaintiff's duty to provide proper notice of the deposition. Plaintiff has not alleged that notice was provided and, again, the Court is left with only WPL's assertion that notice was only recently provided. Without sufficient written notice, the parties

Additionally, Plaintiff suggests <u>Gebr. Eickhoff Maschinenfabrik und Eisengieberei Mbh v. Starcher</u>, 174 W. Va. 618 (W. Va. 1985), as support for his argument that the Court has jurisdiction to compel WPL to produce Defendant Rodriguez-Hernandez to appear in Wetzel County, West Virginia. While the Court finds <u>Starcher</u> persuasive, it is of no consequence to Plaintiff's argument because no notice of Defendant Rodriguez-Hernandez's deposition has occurred. Consequently, due to Plaintiff's non-compliance with the discovery rules, Plaintiff's Motion to Compel must be denied.

C.  <u>Decision</u>

Plaintiff's Motion to Compel is **<u>DENIED</u>** for the aforementioned reasons.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: February 2, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE