IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TREVOR STANDIFORD,

    Plaintiff,

v.                                           Civil Action No. 5:10CV24
                                                        (STAMP)

MARURO HUMBERTO RODRIGUEZ-HERNANDEZ,
WATER PROVIDERS LIMITED d/b/a SWEET H2O
and STATE FARM FIRE AND CASUALTY COMPANY,

    Defendants.

---------------------------------

CYNTHIA WARREN and JASON WARREN,
individually and as next friends
and parents of A.W., a minor,

    Plaintiffs,

v.                                           Civil Action No. 5:10CV25
                                                        (STAMP)

MARURO HUMERTO RODRIGUEZ-HERNANDEZ and
WATER PROVIDERS LIMITED d/b/a SWEET H2O,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' JOINT MOTION TO
EXTEND DEADLINES TO JOIN ADDITIONAL PARTIES
AND LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL PARTY;
AND SCHEDULING HEARING ON PLAINTIFFS' MOTION FOR
SIXTY DAY EXTENSION OF SCHEDULING ORDER DEADLINES
PERTAINING TO DISCOVERY AND DISPOSITIVE MOTIONS**

I.   Background

The above-styled civil actions arise out of a two-vehicle automobile accident that occurred on November 16, 2009 in New Martinsville, West Virginia.[1] Defendant Maruro Humberto Rodriguez-

---

[1] These cases were consolidated for discovery purposes and dispositive motions per an order of this Court on July 1, 2010.

Hernandez ("Rodriguez-Hernandez"), an illegal alien who was operating a commercial truck in the course of his employment with Water Providers Limited d/b/a Sweet H2O ("Sweet H2O"), collided with a vehicle driven by plaintiff Trevor Standiford ("Standiford") and owned by plaintiffs Cynthia and Jason Warren.  A.W., the minor child of Cynthia and Jason Warren, was a passenger in the vehicle driven by Standiford at the time of the accident.  Both Standiford and A.W. sustained significant injuries as a result of the accident.

Following the accident, the plaintiffs filed complaints in the Circuit Court of Wetzel County, West Virginia alleging claims of negligence, negligent entrustment, respondeat superior, and the tort of outrage.  These cases were subsequently removed by the defendant, Sweet H2O, to this Court.

In the ad damnum clause of the complaints, the plaintiffs requested that the Court issue an order prohibiting defendant State Farm Fire and Casualty Company ("State Farm") and other relevant insurance companies involved in the claim from disseminating the plaintiffs' information obtained during the course of the litigation to third parties and indexing bureaus.  State Farm filed a motion to dismiss the plaintiffs' requests for injunction relief, which this Court granted, in both cases, on September 15, 2010.

On March 18, 2011, Sweet H2O filed a motion to modify the scheduling order to extend the deadlines by ninety (90) days for independent medical evaluations, expert disclosures, discovery, and

dispositive motions. Is response, on March 25, 2011, the plaintiffs filed a motion for leave to amend the complaint. On April 25, 2011, the parties, through counsel, appeared at the Wheeling point of holding court for a hearing on the plaintiffs' motion for leave to amend the complaint. At this hearing, the Court addressed both the motion to amend the complaint and the motion to modify the scheduling order. After hearing argument from counsel, this Court granted the plaintiffs' motion for leave to file an amended complaint to add a negligent hiring claim. This Court also granted as framed Sweet H2O's unopposed motion to modify the scheduling order. An order confirming the pronounced order of the Court was issued on April 25, 2011. Pursuant to the order, the plaintiffs filed an amended complaint, which includes a claim of negligent hiring and retention, on April 26, 2011.

At the April 25, 2011 hearing, counsel for the plaintiffs also expressed their intent to file another motion to amend the complaint in order to add Lonnie Slavings, an employee of Sweet H2O, as a defendant. This Court directed the plaintiffs to file any such motion to amend the complaint by April 26, 2011. Thus, on April 26, 2011, the plaintiffs filed a joint motion to extend the deadlines to join additional parties and for leave to amend the complaint to add an additional party. On May 10, 2011, Sweet H2O filed a response in opposition to the motion to extend deadlines to join additional parties and for leave to amend the complaint to add

an additional party. The plaintiffs filed a timely reply on May 17, 2011. This motion is currently ripe for review.

Also pending before this Court is the plaintiffs' motion for a sixty (60) day extension of the scheduling order deadlines pertaining to discovery and dispositive motions, filed on July 29, 2011.[2] This Court will address both motions in turn.

## II. Applicable Law

Federal Rule of Civil Procedure 6(b)(1)(B) applies in computing and extending time for filing motion papers and provides, in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect for purposes of Rule 6(b) of the Federal Rules of Civil Procedure should be determined by the individual circumstances of each case and, depending upon the circumstances, may include inadvertence by the responding party. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993).

Federal Rule of Civil Procedure 16, which discusses scheduling, provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Finally, Federal Rule of Civil Procedure 15 provides, in

---

[2]According to this Court's order of April 25, 2011 modifying the scheduling order, discovery was due to be completed on August 2, 2011. The current dispositive motions deadline is August 14, 2011.

pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding the plaintiffs' joint motion to extend deadlines to join additional parties and for leave to amend the complaint to add an additional party, this Court considers all three of these rules.

III. <u>Discussion</u>

A. <u>Motion to Extend Deadlines to Join Additional Parties and for Leave to Amend Complaint to Add Additional Party</u>

In support of their motion to extend the deadlines to join additional parties and for leave to amend the complaint to add a party, the plaintiffs argue that there is an additional necessary and indispensable party that must be joined in order for this case to be presented on its merits. Specifically, the plaintiffs seek to join Lonnie Slavings, an employee of Sweet H2O who allegedly permitted Rodriguez-Hernandez to drive the truck that collided with Standiford's vehicle on November 16, 2009. Citing Federal Rule of Civil Procedure 20(a)(2), the plaintiffs argue that judicial economy supports the amendment of the complaint to avoid a separate lawsuit that would need to be filed against Lonnie Slavings. Further, the plaintiffs allege that the actions of Lonnie Slavings arise out of the same series of occurrences that proximately caused the plaintiffs' injuries. The plaintiffs also contend that the addition of Lonnie Slavings as a defendant will ensure that all

5

relevant and interested parties to this case will be present for the jury to determine liability in this matter.[3]

In response, Sweet H2O argues that the plaintiffs' motion is devoid of any evidence of good cause that would justify the modification of the scheduling order to allow the plaintiffs to join Lonnie Slavings as an additional defendant. According to the defendant, the plaintiffs have not even attempted to established good cause for their two-month delay in seeking to add a new party.[4] Additionally, Sweet H2O argues that it would be prejudiced by the late joinder of Lonnie Slavings because significant written discovery has already taken place. If Lonnie Slavings is joined, Sweet H2O asserts that it would incur additional expenses in answering new discovery and attending more depositions.

After reviewing the parties' pleadings, this Court finds that the plaintiffs have failed to show good cause for extending the deadline to join additional parties for leave to amend their complaint. See Fed. R. Civ. P. 16(b)(4); Robinson v. Twin Falls Highway Dist., 233 F.R.D. 670, 673 (D. Idaho 2006) (holding that

---

[3]The plaintiffs also state that Sweet H2O has not yet produced Lonnie Slavings for deposition. Mr. Slavings' deposition was the subject of a motion to compel filed on December 1, 2010 by plaintiff Standiford. On February 2, 2011, United States Magistrate Judge James E. Seibert issued a memorandum opinion and order denying the plaintiff's motion to compel depositions due to the plaintiff's failure to comply with Rule 30(b) of the Federal Rules of Civil Procedure.

[4]According to the July 1, 2010 scheduling order, motions to join additional parties were due on or before February 28, 2011. The plaintiffs did not file the motion to amend the complaint to add Lonnie Slavings until April 26, 2011.

the plaintiff failed to establish good cause for failing to move to amend the complaint and add a defendant because the plaintiff did not file his motion to amend until seven months after the motion to amend deadline, despite having knowledge of the proposed defendant's involvement prior to the deadline).  Notably, in his motion to compel, filed on December 1, 2010, plaintiff Standiford states that Lonnie Slavings "allowed Mr. Rodriguez-Hernandez to operate the [commercial truck involved in the accident]." (Mot. to Compel 2.)  Standiford also alleges that Lonnie Slavings' "actions contributed to the plaintiffs' injuries . . . and thus [he is] a party pursuant to respondeat superior."  (Mot. to Compel 5.) Clearly, the plaintiffs had knowledge of, or at least suspected, Lonnie Slavings' involvement in this case as early as December 2010, approximately three months before the deadline for joinder of new parties.  Yet the plaintiffs did not seek to join Lonnie Slavings or have the Court enlarge the time to join additional parties prior to the expiration of the February 28, 2011 deadline set forth in this Court's scheduling order.

The only apparent justification for this delay provided by the plaintiffs is that some of the discovery in this case has been difficult.  In their reply, the plaintiffs state that they have been unable to find or communicate with Rodriguez-Hernandez and that Sweet H2O has been reluctant to produce Lonnie Slavings for

deposition.[5] The plaintiffs' alleged difficulty in obtaining depositions, however, does not establish good cause to modify the scheduling order to extend the deadline for joining additional parties. Moreover, as the magistrate judge noted in his opinion denying the motion to compel, Standiford did not properly serve and notice the depositions of Mr. Slavings and Rodriguez-Hernandez in accordance with the Federal Rules of Civil Procedure so as to allow the Court to compel their appearances in Wetzel County, West Virginia. Therefore, it seems that the plaintiffs themselves may be the source of some of the difficulty in conducting discovery in this case.

This Court also finds that permitting the plaintiffs to amend their complaint to add an additional defendant at this late hour would prejudice Sweet H2O. Given the August 2, 2011 discovery deadline, significant discovery has already taken place, including multiple depositions. To add another defendant at this time would require that the discovery period be extended in order for Lonnie Slavings to conduct his own written discovery and depositions, some of which would be duplicative of discovery that has already occurred. Sweet H2O should not be required to incur the expense of additional discovery simply because that plaintiffs were not diligent in seeking to join Lonnie Slavings as a defendant.

---

[5]Since the accident occurred, Rodriguez-Hernandez was deported to Mexico. Lonnie Slavings apparently resides in Texas.

This Court finds that the plaintiffs have not demonstrated good cause for their failure to timely file a motion to join an additional party. In fact, they have not explained their delay at all. Accordingly, their motion to extend the deadlines to join additional parties and for leave to amend the complaint to add an additional party must be denied.

B. <u>Motion for Sixty (60) Day Extension of Scheduling Order Deadlines Pertaining to Discovery and Dispositive Motions</u>

Also pending before this Court is the plaintiffs' motion for a sixty (60) day extension of the scheduling order deadlines pertaining to discovery and dispositive motions. In support of this motion, the plaintiffs state that good cause exists for the extension of deadlines because additional discovery is required in this matter. Specifically, the plaintiffs claim that they need to take the deposition of the defendant's adverse medical examiner and possibly other recently disclosed experts, as well as conduct additional written discovery.[6]

Given the fast-approaching dispositive motions deadline, this Court finds it appropriate to schedule a hearing on the plaintiffs' motion for a sixty (60) day extension. Accordingly, the parties are DIRECTED to appear by counsel for a hearing on **August 10, 2011 at 1:15 p.m.** in the chambers of Judge Frederick P. Stamp, Jr.,

---

[6]This Court notes that the time period for the defendants to file a response to this motion has not yet passed.

9

Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty miles from the point of holding court to participate in the conference by telephone. However, any such attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

## IV. Conclusion

For the reasons stated above, the plaintiffs' joint motion to extend deadlines to join additional parties and for leave to amend complaint to add additional party (Doc. 41) is hereby DENIED. Additionally, it is ORDERED that the parties appear by counsel for a hearing on the motion for a sixty (60) day extension of scheduling order deadlines pertaining to discovery and dispositive motions on **August 10, 2011 at 1:15 p.m.**

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   August 5, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE