IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TREVOR STANDIFORD,

    Plaintiff,

v.                                                   Civil Action No. 5:10CV24
                                                                        (STAMP)
MAURO HUMBERTO RODRIGUEZ-HERNANDEZ and
WATER PROVIDERS LIMITED d/b/a SWEET H20,

    Defendants.

----------------------------------------

CYNTHIA WARREN and JASON WARREN,
individually and as next friends
and parents of A.W., a minor,

    Plaintiffs,

v.                                                   Civil Action No. 5:10CV25
                                                                        (STAMP)
MAURO HUMBERTO RODRIGUEZ-HERNANDEZ and
WATER PROVIDERS LIMITED d/b/a SWEET H2O,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT
AND DENYING MOTION TO CERTIFY QUESTIONS TO
THE WEST VIRGINIA SUPREME COURT OF APPEALS**

I. Procedural History

The above-styled civil actions arise out of a two-vehicle automobile accident that occurred on November 16, 2009 in New Martinsville, West Virginia.[1] Defendant Mauro Humberto Rodriguez-Hernandez ("Rodriguez-Hernandez"), an employee of Water Providers Limited d/b/a Sweet H2O ("Water Providers") who was driving a Water

---

[1]These two cases were consolidated for discovery purposes and dispositive motions per an order of this Court on July 1, 2010.

Providers' truck, collided with a vehicle driven by Trevor Standiford and owned by Cynthia and Jason Warren. Trevor Standiford and his passenger, Alyssa Warren, sustained significant injuries. Following the accident, the plaintiffs filed complaints in the Circuit Court of Wetzel County, West Virginia alleging claims of negligence, negligent entrustment, respondeat superior, and the tort of outrage. These cases were subsequently removed by the defendant, Water Providers, to this Court.

On March 16, 2010, defendant State Farm Fire & Casualty Company ("State Farm"), the purported underinsured motorist insurer, filed a motion to dismiss the plaintiffs' request for injunctive relief contained in the ad damnum clause of the complaints.[2] After that motion had been fully briefed, this Court entered a memorandum opinion and order granting as framed the motion to dismiss the request for injunctive relief of State Farm. Specifically, the Court granted the motion to dismiss the request for injunctive relief because the plaintiffs had failed to plead a proper cause of action. In addition to analyzing the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court also analyzed the complaint under Rule 65, finding that the issuance of an injunction was unwarranted.

---

[2]In the ad damnum clause of the complaints, the plaintiffs requested that the Court issue an order prohibiting Bridge Insurance Partners, State Farm, and other relevant insurance companies involved in the claim from disseminating the plaintiffs' information obtained during the course of litigation to third parties and indexing bureaus.

On March 25, 2011, the plaintiffs filed a motion for leave to amend the complaint, to which Water Providers filed a response in opposition. After a hearing on the motion to amend the complaint, this Court issued an order confirming the pronounced order of the Court granting as framed the defendant's motion to modify the scheduling order and granting the motion for leave to amend the complaint. Subsequently, the plaintiffs filed amended complaints which add a cause of action for negligent hiring, a cause of action for property damage, and remove State Farm as a defendant. Later, the plaintiffs filed another motion for leave to amend the complaint to add additional parties. This Court denied the plaintiffs' request to join additional parties in a memorandum opinion and order dated August 5, 2011.

On October 10, 2011, Water Providers filed a motion for summary judgment. One week later, the plaintiffs filed a motion for summary judgment. On January 26, 2012, this Court issued a memorandum opinion and order in both cases dismissing the action as to defendant Rodriguez-Hernandez, granting Water Provider's motion for summary judgment and denying the plaintiffs' motion for summary judgment. Judgment was entered in favor of Water Providers that same day.

On February 14, 2012, the plaintiffs jointly moved to alter or amend the judgment and to certify questions to the West Virginia Supreme Court of Appeals. Water Providers filed a response in opposition to the motion to alter or amend the judgment on February

28, 2012. The plaintiffs did not file a reply. The motion to alter or amend is currently pending before this Court, and for the reasons stated below, this Court finds that it must be denied.

## II. Facts

On September 21, 2009, Rodriguez-Hernandez completed an application for employment with Water Providers, in which he provided an address in Denton, Texas, and stated that he had a valid driver's license issued by the State of New Mexico. On September 23, 2009, Water Providers ascertained that Rodriguez-Hernandez did not possess a driver's license, and that the address that appeared on his New Mexico identification card was different from the one he provided on his employment application. There is no evidence that Water Providers took any action to verify Rodriguez-Hernandez's legal status.

Upon hiring Rodriguez-Hernandez, Water Providers provided him with an expense card and sent him to live and work in Wetzel County, West Virginia. Water Providers did not assign a specific employee to transport Rodriguez-Hernandez to and from work while he was in West Virginia. Instead, Rodriguez-Hernandez was expected to share company vehicles with other employees. Rodriguez-Hernandez was specifically told by Alex Morgan, the Pennsylvania Operations Manager, that he was not permitted to drive any Water Providers' vehicles.

On November 16, 2009, without permission from Water Providers or any supervisor, Rodriguez-Hernandez borrowed a 2008 Chevrolet

4

2500 commercial vehicle truck from another employee after the work day had ended in order to drive to the Laundromat. While Rodriguez-Hernandez was doing his laundry, he drove to get a snack at a nearby convenience store. On his way back to the Laundromat, on Route 2 in New Martinsville, West Virginia, Rodriguez-Hernandez made a sudden left hand turn across multiple lanes of traffic, causing a collision with the 1995 Toyota Land Cruiser driven by Trevor Standiford.

New Martinsville Police Officer Friend V. Estep responded to the accident and charged Rodriguez-Hernandez with failure to yield, making an improper turn, and failure to maintain control of his vehicle. Officer Estep determined that Rodriguez-Hernandez was an illegal alien with no valid driver's license. After the accident, Rodriguez-Hernandez was deported.

### III. Applicable Law

#### A. Motion to Alter or Amend Judgment

The plaintiffs filed their motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been

raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

B. <u>Motion to Certify Questions to the West Virginia Supreme Court of Appeals</u>

West Virginia has enacted the Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A-1, et seq., which provides, in pertinent part:

> The supreme court of appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending cause in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. Code § 51-1A-3. The West Virginia Supreme Court of Appeals has recognized that the provisions of the Uniform Certification of Questions of Law Act are not mandatory. Morningstar v. Black and Decker Mtg. Co., 253 S.E.2d 666, 668 (W. Va. 1979). Thus, certification is discretionary both for the certifying court and for the court requested to answer the certified question. The West Virginia Supreme Court of Appeals has stated "[i]t is rather apparent that where our State's substantive law is clear, there is

no need to obtain certification under W. Va. Code, 51-1A-1, et seq." Id. at 669.

IV. Discussion

A. Claims Against Uninsured Motorist Insurance Carrier

The first argument presented by the plaintiffs in their motion to alter or amend the judgment is that this Court prematurely dismissed this case because the plaintiffs have viable claims against their uninsured motorist insurance carrier, State Farm. The plaintiffs argue that this Court's finding that Rodriguez-Hernandez was not in the scope of his employment makes Water Providers' truck an uninsured motor vehicle upon which Jason and Cynthia Warren's uninsured motorist vehicle coverage would be activated. The plaintiffs contend that Rodriguez-Hernandez should be reinstated as a defendant, or alternatively, that they should be permitted to name a "John Doe" defendant in order to pursue their uninsured motor vehicle coverage claim.

The defendant counters that the plaintiffs' potential uninsured motorist claim cannot serve as a basis for this Court to alter or amend the judgment. The defendant highlights the fact that the plaintiffs agreed that Rodriguez-Hernandez could be removed from the caption because he was never served, and therefore, was never a party to this lawsuit. (Def.'s Resp. Ex. A at 31); (Pls.' Resp. to Motions in Limine at 17) ("The plaintiffs will agree to the removal of Rodriguez-Hernandez's name from the caption of these cases as Mr. Rodriguez-Hernandez was deported to

the Country of Mexico, and the plaintiffs have been unable to effect service on him."). The defendant further argues that in West Virginia, in the context of an uninsured motorists claim, a plaintiff may only name a John Doe defendant when the driver of the vehicle is unknown. In this case, the defendant argues, the parties never disputed that the Water Providers' vehicle was driven by Rodriguez-Hernandez and thus, there is no unknown party.

This Court finds that this matter cannot be re-opened in order for the plaintiffs to reinstate Rodriguez-Hernandez as a defendant, or for the plaintiffs to name a John Doe defendant. Rule 4 of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see also Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). Thus, Rodriguez-Hernandez was properly dismissed from this case.

Turning to the plaintiffs' request to add a John Doe defendant, this Court notes that the West Virginia Legislature has specifically authorized the filing of claims against a John Doe defendant to recover uninsured motorist benefits, but only when the owner or operator of a vehicle causing bodily injury is unknown. W. Va. Code § 33-6-31(e); Collins v. Heaster, 619 S.E.2d 165, 170 (W. Va. 2005). Throughout this litigation, the plaintiffs have maintained that Rodriguez-Hernandez was driving the Water

8

Providers' vehicle at the time of the accident. Thus, there is no unknown party, and the plaintiffs' novel request to name a John Doe defendant must be denied. See Pacific Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998) (stating that a party should not be permitted to raise new arguments or legal theories of liability on a motion under Rule 59(e)).

This Court's January 26, 2012 opinion addressed the issue of liability, finding that Water Providers cannot be held liable for Rodriguez-Hernandez's negligent acts. This Court did not make any findings regarding the liability of Rodriguez-Hernandez, and no issues of insurance were decided in this case.[3] In fact, the plaintiffs removed State Farm as a defendant in their amended complaints and sought to "exclude from the trial of this matter any and all evidence . . . of health and medical insurance benefits by plaintiffs from collateral sources." (Pls.' Mot. in Limine No. 8.) Contrary to the plaintiffs' assertion, the dismissal of this case from the docket does not prevent them from pursuing a claim for uninsured motorist benefits against their insurer. After all, "the

---

[3] In their motion to alter or amend, the plaintiffs assert that they have viable claims against State Farm, "the first party insurance carrier." (Mot. to Alter or Amend J. at 3.) The plaintiffs' original complaints reference two insurance carriers: (1) Bridge Insurance Partners, the defendant's insurer; and (2) State Farm, the 1995 Toyota Land Cruiser's insurer. However, neither of the plaintiffs' complaints assert a claim against either insurance carrier. Instead, the complaints request an order from the Court prohibiting the insurance carriers from placing information about the plaintiffs in an "indexing bureau." Further, the joint pretrial order makes no mention of any claim against the uninsured motorist insurance carrier.

9

absence of a judgment order entered directly against the [uninsured] motorist does not prevent entry of an order against the [insurance] carrier if liability of the [uninsured] motorist has been established." State ex rel. Motorists Mut. Ins. Co. v. Broadwater, 453 S.E.2d 591, 597 (W. Va. 1994); W. Va. Code § 33-6-31(b). Therefore, this Court sees no need to reopen this matter.

B.  Legal and Factual Issues of Liability

In their motion to alter or amend judgment, the plaintiffs argue that this Court failed to address pertinent legal and factual issues of liability. Specifically, the plaintiffs contend that the Court's ruling does not consider: (1) that courts have distinguished acts of employees on out-of-town assignments that are incident to employment from acts that are for pleasure or are personal; (2) that violation of W. Va. Code § 21-1B-1 is prima facie evidence of negligence that proximately caused the plaintiffs' injuries; (3) that a Water Providers' employee permitted Rodriguez-Hernandez to use the vehicle; (4) that the placement of an illegal alien in West Virginia and providing the means for that illegal alien to live in West Virginia is outrageous conduct; and (5) that the Court's decision is against the public policy of providing recourse for injured West Virginia citizens.

In response, Water Providers asserts that the plaintiffs' motion to alter or amend judgment must be denied because the plaintiffs are rearguing the merits of the motions for summary

10

judgment.  Water Providers contends that the plaintiffs do not present any newly discovered evidence and they do not raise any new facts or law that were not previously addressed by this Court. Rather, in the view of Water Providers, the plaintiffs simply disagree with this Court's ruling.

As stated above, the Fourth Circuit recognizes three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Pacific Ins. Co., 148 F.3d at 403. The plaintiffs do not argue that there has been any intervening change in controlling law, nor do they claim that new evidence is available.  The only possible basis for the plaintiffs' Rule 59(e) motion is that this Court must correct a clear error of law or prevent manifest injustice.  However, this Court finds that the plaintiffs' disagreement with the January 26, 2012 decision does not amount to an error of law within the meaning of Rule 59.

   1.  <u>Scope of Employment</u>

According to the plaintiffs, this Court fails to recognize the importance of the fact that Water Providers required and provided for Rodriguez-Hernandez to live in West Virginia and that Rodriguez-Hernandez's actions at the time of the accident were all ordinary functions of living and working in West Virginia.  In the January 26, 2012 opinion, this Court discussed, at length, whether Rodriguez-Hernandez was acting within the scope of his employment

11

at the time of the accident.  As this Court explained, the accident occurred when Rodriguez-Hernandez was on a personal errand after his shift had ended.  If this Court were to follow the logic of the plaintiffs, then employers could potentially be held liable for the negligent acts of any employee traveling to get something to eat or to wash laundry -- personal tasks that many people perform on a daily basis as ordinary functions of life that are not in any way connected to their job.  This Court finds that interpretation of the law to be far too broad, and thus, there is no clear error in this Court's finding that Rodriguez-Hernandez's acts were not within the course of his employment.

2. <u>West Virginia Code Section 21-1B-1</u>

Next, the plaintiffs argue that because Waters Providers did not verify the legal employment status of Rodriguez-Hernandez, it violated W. Va. Code § 21-1B-1, which is <u>prima facie</u> evidence of negligence and the proximate cause of the plaintiffs' injuries. According to the plaintiffs, it is for a jury to determine whether Water Providers should have known that it hired an unauthorized worker.

Section 21-1B-1 states that "employers have the responsibility to verify the legal employment status of all persons who come into their employ and to report their employment to the appropriate governmental agencies."  W. Va. Code § 21-1B-1.  As this Court previously held, "there is no evidence that Water Providers knew that Rodriguez-Hernandez was not authorized to work in the United

12

States at the time he was hired." (Mem. Op. Jan. 26, 2012 at 17.) Any violation of W. Va. Code § 21-1B-1, which has not been proven, would only mean that Water Providers could be penalized for failure to verify employment status. But failing to verify employment status, if such a failure did occur, has not been shown to be the proximate cause of the plaintiffs' injuries. The plaintiffs have failed to show any clear error in this Court's rejection of the plaintiffs' negligent hiring claim.

    3.   <u>Entrustment of the Vehicle</u>

The plaintiffs also argue that the Court's ruling fails to account for the fact that another Water Providers' employee, the custodian of the vehicle, gave Rodriguez-Hernandez the truck. This Court disagrees. The January 26, 2012 opinion specifically states that Rodriguez-Hernandez was told that he was not permitted to drive a Water Providers' vehicle and that he borrowed the vehicle without permission from Water Providers or any supervisor. (Mem. Op. Jan. 26, 2012 at 4-5.) Although the plaintiffs argue that Lonnie Slavings entrusted the vehicle to Rodriguez-Hernandez, the evidence suggests otherwise. (Morgan Aff. ¶ 5); (Slavings Aff. ¶ 4.) Because there is no evidence that Water Providers, or Lonnie Slavings, improperly loaned the vehicle to Rodriguez-Hernandez, there is no clear error in this Court's finding that the negligent entrustment claim fails.

4.  <u>Outrageous Conduct</u>

The plaintiffs assert that the Court erred in determining that the hiring of an illegal alien who causes injury is not outrageous conduct and that Trevor Standiford did not suffer severe emotional distress. As this Court previously explained, the standard for liability for the tort of outrage is high and requires extreme conduct. This Court found that the plaintiffs failed to produce evidence to support the requisite elements to prove liability under the tort of outrage. The Rule 59(e) motion argues that the Court erred in reaching this conclusion, but it offers no law or additional facts in support of that argument.

The plaintiffs also attempt to reargue the question of whether Trevor Standiford suffered severe emotional distress. This Court finds, yet again, that the mere fact that Trevor Standiford received professional medical treatment does not alone prove that he suffered <u>severe</u> emotional distress. This Court sees no reason to alter or amend its conclusions with respect to the tort of outrage.

5.  <u>Public Policy</u>

Finally, the plaintiffs assert that the Court's opinion is contrary to the public policy of providing recourse for injured West Virginia citizens -- injuries caused by the defendant's act of hiring an illegal alien. This Court's January 26, 2012 opinion held that Water Providers was not liable for the negligent acts of Rodriguez-Hernandez. The plaintiffs' public policy argument is not

14

relevant to this finding. Whether or not Water Providers is at fault for failing to verify the legal employment status of an illegal alien has no bearing on the question of whether the illegal alien was acting within the scope of his employment at the time of his accident. For these reasons, the plaintiffs' public policy argument does not provide a basis for this Court to alter or amend the judgment.

C. <u>Motion to Certify Questions to the West Virginia Supreme Court of Appeals</u>

The plaintiffs pose the following questions for certification:

1) Whether an employer is vicariously liable for the acts or omissions of its illegal alien employee when as a condition of employment the employer places the illegal employee in the State of West Virginia, requires the illegal employee to be a transient resident of West Virginia, pays for the illegal employee to live and reside in the State of West Virginia, and while performing a function necessary to live in West Virginia -- traveling to get food and wash laundry -- the illegal employee causes injuries to West Virginia citizens?

2) Whether an employee violates W. Va. Code § 21-1B-1, <u>et seq.</u>, where it fails to verify the legal employment status of its employee and that employee subsequently turns out to be an illegal alien?

3) If so, is the violation of W. Va. Code § 21-1B-1, <u>et seq.</u>, prima facie evidence of negligence and/or negligent hiring when the illegal alien employee proximately causes injuries to West Virginia citizens?

4) Whether an employer is vicariously liable for negligence where its illegal alien employee was placed in West Virginia on an out-of-town assignment for multiple days, and while driving the company vehicle to get food and wash laundry the illegal alien employee causes a motor vehicle accident?

5) Whether an employer is vicariously liable for negligence where its employee, who is a permissible user

15

and custodian of the company vehicle, permits a previously unauthorized employee to use the vehicle during an out-of-town assignment to get food and wash laundry, and that employee causes a motor vehicle accident?

6) Whether an employer is vicariously liable for negligence when the employer fails to inform its employee, who is a permissible user and custodian of the company vehicle, that certain employees on the crew are not licensed to drive, whereby the custodian employee permits the unlicensed driver to use the company vehicle resulting in a motor vehicle accident?

7) Whether the public policy of West Virginia requires foreign companies to be held liable when its illegal alien employee causes harm to citizens of West Virginia, the illegal alien is deported, and the only remaining recourse for the injured West Virginia citizens is the foreign company that hired the illegal alien?

(Mot. to Alter or Amend J. at 16-17.) According to the plaintiffs, these issues are matters of first impression in West Virginia that can be rightfully determined by the highest court in West Virginia.

In its response to the motion to alter or amend judgment, Water Providers asserts that the plaintiffs have waived the right to seek certification to the Supreme Court of Appeals of West Virginia because there is no longer any "pending cause," and because there are no issues of "first impression" in this litigation. The defendant notes that certification of these questions was only requested after final judgment had been entered against the plaintiffs. Further, the defendant contends that each of the questions presented by the plaintiffs was addressed by this Court in its January 26, 2012 memorandum opinion and order.

This Court finds the plaintiffs' request for certification to the Supreme Court of Appeals of West Virginia to be untimely.

Judgment in this case was entered on January 26, 2012, and as of that date there was no longer a "pending cause." W. Va. Code § 51-1A-3. The plaintiffs, believing that this case presented issues of first impression, should have requested certification earlier in this litigation. See Dowell v. State Farm and Cas. Auto. Ins. Co., 774 F. Supp. 996, 1001 (S.D. W. Va. 1991) ("The Plaintiff made calculated and deliberate decisions not to move for certification before entry of judgment or appeal the judgment thereafter. Hence, we do not find extreme hardship that would compel granting relief inasmuch as the Plaintiff knowingly and voluntarily passed over the means to protect his interest in litigation . . . ."). Accordingly, the plaintiffs' motion for certification to the West Virginia Supreme Court of Appeals must be denied.

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to alter or amend judgment and motion to certify questions to the West Virginia Supreme Court of Appeals (ECF No. 145 in Civil Action No. 5:10CV24 and ECF No. 136 in Civil Action No. 5:10CV25) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      June 18, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE